

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-24-00311-CR
_____

YANCEY LAJUAN PHEA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 30181A, Honorable Dee Johnson, Presiding

February 25, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Yancey Lajuan Phea pleaded guilty to assault of a family member, a third-degree felony, enhanced for punishment by a prior felony conviction. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A). The trial court deferred the adjudication of appellant's guilt and placed him on community supervision for six years. During a hearing on the State's motion to revoke community supervision, appellant pleaded "true" to the State's allegations and was found to have violated the terms of his community supervision. The trial court then adjudicated him guilty of assault of a family member, enhanced and levied a sentence of

10 years imprisonment.  *See* TEX. CODE CRIM. PROC. ANN. art. 42A.108.  Appellant's court-appointed counsel filed an *Anders* brief stating that there were no arguable grounds for appeal.  *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).  We affirm the trial court's judgment as modified herein.

Pursuant to *Anders*, appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this court, stating that his review of the record yielded no grounds of reversible error upon which an appeal could be predicated.  *See id.*  Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal.  *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) (stating that "[i]n Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities"); *see also Davis v. State*, 683 S.W.3d 828, 829–30 (Tex. App.—Amarillo 2023, no pet.).  Appellant's counsel also represented that he: 1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; 2) provided appellant with copies of both pleadings; 3) informed appellant of his rights to file pro se responses, to review the record prior to filing those responses, and to seek discretionary review if we conclude that the appeal is frivolous; and 4) provided appellant with the appellate record.  Appellant filed a pro se response on February 12, 2025.

We conducted our own independent review of the record to determine the presence of arguable issues and found none.  *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for

2

reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").  Yet, during our review, we discovered that the certified bill of costs included a time payment fee of $15.00 assessed against appellant.  The Texas Court of Criminal Appeals concluded that a time payment fee like the one imposed here "must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee."  *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021).  "As a consequence, even now, assessment of the time payment fee in this case would be premature because appellate proceedings are still pending."  *Id.*

So too did we discover the assessment of attorney's fees in the bill of costs.  That appellant was indigent and received appointed counsel upon the State's moving to adjudicate his guilt is beyond dispute, as is the fact that no finding was made indicating his financial condition changed thereafter.  And, to the extent one may suggest that the bill of costs could be read as alluding to an attorney's fee assessed when the trial court deferred appellant's adjudication of guilt on May 1, 2023, we find the suggestion lacking. First, the trial court found appellant indigent, appointed him counsel prior to deferring the adjudication of his guilt, and failed to find that appellant's financial condition had changed. Second, the May 1, 2023 order deferring the adjudication of guilt directed appellant to pay costs and fees as reflected in the bill of costs; yet, the bill, also dated May 1, 2023, omitted attorney's fees.  So, it cannot be said that attorney's fees were lawfully assessed back in May 2023.  That being so, the current bill of costs cannot be interpreted as including a fee never assessed in the earlier bill of costs.  Thus, given no finding of changed financial status, the assessment of attorney's fees also must be deleted from the current bill of

costs.  *See Woodard v. State*, No. 07-23-00377-CR, 2024 Tex. App. LEXIS 4642, at *9-10 (Tex. App.—Amarillo July 2, 2024, no pet.) (mem. op., not designated for publication) (stating that when there is no evidence that a defendant can pay court-appointed attorney's fees, the proper remedy is to reform the judgment by deleting the provision to repay court-appointed attorney's fees).

Accordingly, we modify the bill of costs by deleting the $15.00 fee and $1,000 attorney's fee.  And, with that, we affirm the trial court's judgment. [1]

Brian Quinn
Chief Justice

Do not publish.

---

[1] We grant counsel's motion to withdraw. Within five days from the date of this court's opinion, counsel is ordered to send a copy of this opinion and this court's judgment to appellant and to advise him of his right to file a petition for discretionary review.  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 411 n.35.